## CONTINENTAL TRUST CO. v. BUTTS COUNTY et al.

(District Court, S. D. Georgia, W. D. May 15, 1917.)

REMOVAL OF CAUSES ⬥=31—RIGHT TO REMOVE—NECESSARY PARTIES.

A county in Georgia issued a series of warrants, and was subsequently induced to issue another series for the same consideration. The holder of the second series brought suit against the holders of the first warrants, and also against the county for equitable relief. *Held* that, if the whole matter was to be adjusted in one proceeding, as it should be, the county was both a proper and a necessary party, since it was entitled to be heard as to the legality of the second series of warrants, and also as to the propriety of a part payment which had been made on the first

⬥=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

series, and hence the cause was not removable from a Georgia state court to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 71.]

In Equity. Suit for equitable relief by the Continental Trust Company against Butts County and others. On motion to remand. Cause remanded.

Robert C. & Philip H. Alston, of Atlanta, Ga., for plaintiff.
E. J. Reagan, of McDonough, Ga., for defendant Butts County.
T. B. Higdon, of Atlanta, Ga., for other defendants.

SPEER, District Judge. This is a case where Butts county, Ga., issued warrants of a certain series to the Salisbury Metal Culvert Company, a North Carolina corporation, for material furnished for the improvement of its roads. It is alleged that it was subsequently induced to issue another series of warrants for the same consideration. The latter series is held by the plaintiffs here. They brought suit in the superior court of Butts county against the holders of the first warrants, and also against Butts county.

It is quite impossible, as the court understands this record, for the court to do complete equity, in the absence of Butts county as a party. Butts county is entitled to be heard as to the legality of the second series of warrants, and also as to the propriety of a part payment of 25 per cent., which it has made on the first series. It is therefore a proper party; in the opinion of the court, it is also a necessary party, if the whole matter is to be adjusted in one proceeding, and of course the law abhors a multiplicity of actions.

All the parties are before the superior court of Butts county, and the case ought not to have been removed. Two of the defendants are citizens of other states, and the essential Butts county is a citizen of this state. For these reasons, I feel obliged to direct that the cause be remanded.